Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

FILED

10:15 am, 2/8/22

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| Wake Energy, LLC, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Plains Marketing, L.P.,<br><br>    Defendant. | Civil Action No. 22-CV-<u> 25-SWS </u> |

**PLAINTIFF'S CLASS ACTION COMPLAINT**
**& DEMAND FOR JURY TRIAL**

Plaintiff Wake Energy, LLC ("Plaintiff"), for itself and all others similarly situated, files this Class Action Complaint ("Complaint") against Plains Marketing, L.P. ("Plains" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

**SUMMARY**

1. This class action concerns Plains' ongoing violation of Wyoming law related to the interest owed on untimely payments of proceeds derived from the sale of oil-and-gas production to those legally entitled to the proceeds.

2. Wyoming statute requires purchasers like Plains to pay proceeds derived from oil-and-gas production not later than six months after the first day of the month following the

date of first sale and thereafter not later than sixty days after the end of the calendar month within which the oil-and-gas production is sold. *See* WYO. STAT. § 30-5-301.

3.     "In instances where payment cannot be made for any reason" within these timelines, purchasers like Plains must "deposit all proceeds credited to the eventual interest owner to an escrow account in a federally insured bank or savings and loan institution in Wyoming . . . ." *Id.* § 30-5-302. When purchasers like Plains fail to timely place proceeds in escrow, that failure makes "them liable for interest pursuant to the statute," regardless of the reason why the proceeds were escrowed. *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

4.     When a purchaser fails to timely pay or escrow within those statutory timelines, Wyoming law requires that the purchaser pay owners interest at the rate of eighteen percent (18%) per annum.

5.     Plains does not automatically pay the interest it owes on untimely payments of proceeds.

6.     Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received untimely payments from Plains, or whose proceeds were sent to escrow by Plains, and whose payments or escrowed proceeds did not include the 18% interest required by Wyoming law.

## PARTIES

7.     Plaintiff Wake Energy, LLC is an Oklahoma limited liability company with its principal place of business in Edmond, Oklahoma.

8.     Plains is a Texas limited partnership with its principal place of business located in Houston, Texas.

9. Upon information and belief, Plains purchases crude oil from hundreds, if not thousands, of oil-and-gas wells in Wyoming.

10. Plains may be served with process by serving its registered agent: Corporation Service Company, 1821 Logan Avenue, Cheyenne, Wyoming 82001.

## JURISDICTION & VENUE

11. The preceding allegations are fully incorporated by reference.

12. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendant are citizens of different states.

13. This Court has personal jurisdiction over Plains because it has minimum contacts with this district related to the claims in this case.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred within this district.

## STATUTORY BACKGROUND
## THE WYOMING ROYALTY PAYMENT ACT

15. The preceding allegations are fully incorporated by reference.

16. Wyoming has a significant oil-and-gas industry and is consistently a top-ten producing state.

17. Like other top-producing states, Wyoming has enacted legislation concerning when oil-and-gas proceeds must be paid and outlining the consequences when those statutory timeframes aren't satisfied.

18. These legislative schemes were enacted in reaction to the abusive practices of oil-and-gas operators and purchasers like Plains, who "routinely suspended royalties and de-

layed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 18 (2006).

19. Wyoming addressed this issue through the Wyoming Royalty Payment Act ("WRPA"), which imposes strict timeframes for the payment of oil-and-gas proceeds:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale** and **thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold** . . . .

WYO. STAT. § 30-5-301(a) (emphasis added).

20. "In instances where payment cannot be made for any reason," payors must send those proceeds to an escrow account. WYO. STAT. § 30-5-302. The same timelines in Section 30-5-301(a) apply to the escrow requirement of Section 30-5-302, and when payors fail to timely escrow proceeds, that failure makes "them liable for interest pursuant to the statute." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

21. These provisions of the WRPA apply equally to a purchaser of oil and gas production as they do to an operator:

> …the purchaser **shall** assume the operator's responsibilities for making such payments if the operator and purchaser have entered into arrangements **whereby the proceeds are paid by the purchaser to those legally entitled thereto.**

WYO. STAT. § 30-5-301(c) (emphasis added).

22. When a purchaser fails to meet the statutory timeframes, the WRPA guides:

4

> **Any** lessee or operator, **purchaser** or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

*Id.* § 30-5-303(a) (emphasis added).

23. Stated differently, when a purchaser like Plains fails to pay proceeds or fails to escrow within six months after the first day of the month following the date of first sales, the purchaser owes 18% interest per annum on the late payment. And, for production subsequent to first sales, purchasers must pay 18% interest per annum on direct or escrow payments of proceeds made sixty days after the date of production.

24. The WRPA contains no notice or demand requirement before an owner is entitled to statutory interest.

25. In fact, the WRPA "is perhaps the strongest of the 'no excuses' Acts" passed by other top-producing states. Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 20 (2006).

26. As the Wyoming Supreme Court has explained, the WRPA "is a remedial statute . . . to be liberally construed." *Moncrief*, 816 P.2d at 105. In enacting the WRPA, the Wyoming legislature evinced its "obvious intent to stop oil producers from retaining other people's money for their own use." *Id.* (quoting *Indep. Producers Mktg. Corp. v. Cobb*, 721 P.2d 1106, 1110 (Wyo. 1986)). When it comes to liability under the WRPA, "Equity is not a factor for consideration because **there are no exceptions** in the [WRPA] providing justification for royalty nonpayment." *Cities Serv. Oil and Gas Corp. v. State*, 838 P.2d 146, 156 (Wyo. 1992) (emphasis added).

## FACTUAL ALLEGATIONS

*Plains' Late Payment without Interest to Plaintiff*

27. The preceding allegations are fully incorporated by reference.

28. Plaintiff owns an overriding royalty interest in oil and gas produced from the Indian Creek Shannon C Unit, which is located in Johnson County, Wyoming.

29. Plains is the crude oil purchaser for the Indian Creek Shannon C Unit.

30. Plains remits royalty proceeds to Plaintiff for its overriding royalty interest in the Indian Creek Shannon C Unit.

31. The WRPA provides that, "upon written request of the payee, payments shall be remitted to the payee within sixty (60) days following receipt of the request if the aggregation of the proceeds is twenty-five dollars ($25.00) or greater." WYO. STAT. § 30-5-301(b)(ii).

32. Plaintiff sent a written request to Plains to receive payment of proceeds when the aggregate reached twenty-five dollars ($25.00).

33. For oil production for the month of April 2021, Plaintiff was owed proceeds greater than twenty-five dollars from Plains.

34. Accordingly, Plaintiff was owed payment from Plains on the April 2021 production proceeds within sixty days.

35. Plaintiff did not receive payment from Plains for April 2021 production within sixty days.

36. For oil production for the month of May 2021, Plaintiff was owed proceeds greater than twenty-five dollars from Plains.

37. Accordingly, Plaintiff was owed payment from Plains on the May 2021 production proceeds within sixty days.

38. Plaintiff did not receive payment from Plains for May 2021 production within sixty days.

39. Plains did not pay Plaintiff for proceeds owed for April and May 2021 production until October 20, 2021.

40. When Plains paid Plaintiff for April and May 2021 production, it did not pay Plaintiff statutory interest under the WRPA.

*Plains' Policies Concerning Statutory Interest*

41. The preceding allegations are fully incorporated by reference.

42. Despite the WRPA's plain terms and clear legislative intent, Plains does not automatically pay interest on untimely payments or escrow of Wyoming oil-and-gas proceeds.

43. Instead, Plains has adopted a policy of requiring owners to first demand statutory interest before it will pay what is already owed under the statute. Plains considers this policy an efficient breach of the WRPA, because it knows very few owners will actually demand the statutory interest owed.

44. Plains' unlawful practices are, unfortunately, not limited to Wyoming. In fact, Plains previously paid $10 million to resolve Oklahoma class action claims regarding its policies under Oklahoma's similar oil-and-gas late-payment statute. *See Price v. Plains Marketing, L.P.*, No. 19-CV-390-KEW, at Docs. 68, 79 (E.D. Okla.) (approving $10 million class action settlement for statutory interest on Plains' untimely payment of oil-and-gas proceeds under Oklahoma's Production Revenue Standards Act) (the "Oklahoma Class Action").

45. Discovery in the Oklahoma Class Action turned up several documents explaining Plains' payment policies across several states in which it operates, including Wyoming.

46. Plains' internal documents reveal that Plains places virtually **every interest owner**, including those in Wyoming, in suspense until an executed division order is received:

> A signed Division Order is REQUIRED before payment; so any and all payments will sit in suspense until received

Oklahoma Class Action, Doc. 52-7 at 6 (highlight added); *see also id.*, Doc. 52-4 at 1 ("It is [Plains'] policy to obtain an executed Division Order/Declaration of Interest before placing an owner in a permanent pay status.").

47. Even though Plains' policies acknowledge that certain states, like Wyoming, don't allow a holder of proceeds to suspend proceeds until a division order is received, Plains still makes the owner demand to be paid before releasing improperly suspended proceeds and does so without paying interest:

> Although Texas has the most favorable statutory and case law from the oil purchaser's perspective there are other states that have greater exposure for Plains as an oil purchaser. As an example, in certain states such as Louisiana and Oklahoma execution of a division order is not a condition of payment. Nevertheless our policy is always to try to attempt to secure a division order to make sure that we have the proper address before payments are made and that we have the appropriate social security number or tax identification number as required by the Internal Revenue Code.

*Id.*, Doc. 52-5 at 10 (highlight added).

48. Plains' policy further confirms that Plains recognizes the requirements of the WRPA as to the 18% interest:

> Several states in which we do business have statutes requiring that royalty payments be made within a specified time period or we are required to pay interest which in some cases is far above today's low market rates. For example, Wyoming and North Dakota require us to pay interest on late royalty payments at the rate of 18% per annum; Mississippi is 8% per annum; and Oklahoma is either 6% or 12% per annum depending upon whether there was a title defect that caused the delay in the payment.

*Id.* (highlight added).

## CLASS ACTION ALLEGATIONS

49. The preceding allegations are fully incorporated by reference.

50. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who: (1) received untimely payments from Plains for proceeds of Wyoming oil or gas production beyond the timeframes set forth in WYO. STAT. § 30-5-301; or (2) whose proceeds for Wyoming oil or gas production were sent to escrow by Plains beyond the timeframes set forth in WYO. STAT. § 30-5-301; and (3) whose payments or escrowed proceeds did not include the 18% interest required by WYO. STAT. § 30-5-303(a).
>
> Excluded from the Class are: (1) Plains, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

51. Upon information and belief, there are thousands of absent Class members entitled to interest on such late payments made by Plains.

52. The Class is so numerous that joinder of all members is impracticable.

53. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the Wyoming acreages for which Plains has an obligation to pay proceeds derived from the sale of oil-and-gas production;

   b. Whether, under Wyoming law, Plains owed interest to Plaintiff and the Class on any untimely payments or escrow of proceeds derived from the sale of oil-and-gas production;

   c. Whether Plains' failure to pay interest to Plaintiff and the Class on any untimely payments constitutes a violation of Wyoming statute; and

   d. Whether Plains is obligated to pay interest on future untimely payments.

54. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

55. Plains treated Plaintiff and the Class in the same way by failing to pay the required interest on untimely payments.

56. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

57. The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment or escrow of proceeds derived from the sale of oil-and-gas production as required by Wyoming law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Plains, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Plains.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

59. The preceding allegations are incorporated by reference.

60. Plaintiff brings this cause of action on behalf of itself and the Class.

61. Plaintiff and the Class were legally entitled to the payments of proceeds derived from the sale of oil-and-gas production from Plains for production from wells for which Plains is the purchaser in Wyoming.

62. WYO. STAT. § 30-5-301(a) requires Plains to pay owners within six (6) months after the first day of the month following the date of first sales of oil or gas, and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold. And if Plains is unable to make those payment timelines for any reason, Plains must timely escrow those proceeds.

63. When Plains fails to pay owners or escrow within such time frames, WYO. STAT. § 30-5-303(a) requires Plains to pay owners 18% interest per annum when the payment or escrow is eventually made.

64. Plains held proceeds belonging to Plaintiff and the Class, and Plains failed to timely pay or escrow proceeds for Plaintiff and the Class.

65. When Plains eventually paid or escrowed these proceeds, it did not pay the 18% interest per annum required by Wyoming statute.

66. Plains' failure to pay interest owed on the untimely payments has harmed Plaintiff and the Class.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Plains to pay Plaintiff and the Class members damages for Plains' breaches and unlawful conduct to the full extent permitted by law;

3. An order requiring Plains to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order requiring Plains to pay the Class's attorney fees and litigation costs as provided by statute; and

5. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

–and–

Reagan E. Bradford, OBA #22072*
Ryan K. Wilson, OBA #33306*
*pro hac vice forthcoming
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com

*–and–*

Brady L. Smith, OBA #30727*
* *pro hac vice forthcoming*
BRADY SMITH LAW, PLLC
One Leadership Square, Suite 1320
211 N. Robinson
Oklahoma City, OK 73102
(405) 293-3029
Brady@BLSmithLaw.com

**COUNSEL FOR PLAINTIFF**